```
                    IN THE UNITED STATES DISTRICT COURT
                   FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                              ASHEVILLE DIVISION
                               1:08CV166-MU-02


BENNY ARNOLD COOK,                )
     Petitioner,                  )
                                  )
          v.                      )      ORDER
                                  )
L.C. CORPENING, Supt., of the     )
  Foothills Correctional          )
  Institution,                    )
     Respondent.                  )
_____)
```

**THIS MATTER** comes before the Court on Petitioner's "Petition Under 28 U.S.C. § 2254 For Writ Of Habeas Corpus . . . ," filed April 17, 2008. For the reasons stated herein, Petitioner's case will be dismissed as time-barred.

### I. FACTUAL AND PROCEDURAL BACKGROUND

According to the Petition,[1] on February 18, 2004, Petitioner pled guilty to two counts, charged by separate indictments, of Obtaining Property by False Pretenses as a Habitual Felon. Then, on April 12, 2004, the Superior Court of Haywood County convicted Petitioner and sentenced him to a consolidated term of 70 to 93

---

[1] Petitioner's Petition did not set forth the entire procedural history of his case, but had considerable gaps which, in turn, raised more questions than it answered. Accordingly, the undersigned's law clerk consulted pertinent North Carolina public records in order to obtain a more complete account of that history. Inasmuch as the documents referred to herein are matters of public record, the Court has taken judicial notice of them, and has relied upon them in its consideration of the instant Petition.

months imprisonment.  The Petition further reports that Petitioner did not file a direct appeal in his cases.

Rather, after waiting approximately 11 months, Petitioner began his pursuit of collateral review on March 3, 2005 when, with the assistance of counsel, he filed his first Motion for Appropriate Relief ("M.A.R.," hereafter) in the Superior Court of Haywood County.  Among other claims, Petitioner argued that he was not competent to enter his guilty plea, so he asked that his guilty plea be stricken.[2]  A hearing was held, after which the M.A.R. Court determined that there was no evidence that Petitioner was incompetent to enter his guilty plea, but there was evidence to suggest that he may not have been competent to proceed with sentencing.  Consequently, by an Order entered on August 29, 2005, the M.A.R. Court vacated Petitioner's sentence, and committed him to the Dorothea Dix Hospital for a determination of his capacity to proceed with re-sentencing.

State records further reflect that Petitioner was found to be competent to proceed with re-sentencing.  Accordingly, on November 29, 2005, Petitioner was re-sentenced to a new 70 to 93-month term. Again, Petitioner did not appeal his cases. Petitioner instead waited nearly two years until November 26, 2007, and filed a Petition for Writ of Certiorari in the North Carolina Court of

---

[2] In addition to challenging his competency, the M.A.R. also argued that Petitioner's motion to withdraw his guilty plea was erroneously denied; that he is not the "Ben Cook" named on one of the underlying felony convictions which was used to support his habitual felon status; that he was denied his right to a jury trial; and that trial counsel had been ineffective.

Appeals. However, the State Court of Appeals denied that Petition on December 12, 2007. Curiously, on February 28, 2008, Petitioner filed another M.A.R.; however, that Motion was summarily dismissed on March 10, 2008.

Now, Petitioner has come to this Court on the instant <u>Habeas</u> Petition, arguing that he was denied his right to withdraw his guilty plea and receive a jury trial; that one of the convictions used to support his habitual felon status did not belong to him; that his guilty plea was not intelligently and voluntarily made; and that he was subjected to ineffective assistance of counsel due to counsel's failure to research his habitual felon status and to pursue a mental incompetency defense, and by his having allowed Petitioner to enter an involuntary guilty plea. Notwithstanding Petitioner's belief to the contrary, however, the undersigned has concluded that this Petition must be <u>dismissed</u> as untimely filed.

## II. **ANALYSIS**

Indeed, in April 1996, the U.S. Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA, hereafter), effectively amending 28 U.S.C. §2254 by adding the following language:

A 1-year period of limitation shall apply to an application for a writ of <u>habeas corpus</u> by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

    (A) the date on which the judgment became final by the
    conclusion of direct review or the expiration of the time

for seeking such review:

(B) the date on which the impediment to filing an application created by State in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court; if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Furthermore, the AEDPA provides that the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Relevant here, the records of Petitioner's State proceedings show that he originally was convicted in April 2004, but was re-sentenced under a Judgment which was filed on November 29, 2005; and that he did <u>not</u> directly appeal those matters.  Thus, based upon the relevant legal precedent, this Court concludes that Petitioner's convictions and sentence became final no later than December 13, 2005--that is, at the expiration of the brief 14-day period during which he could have (but did not) properly file a direct appeal after his resentencing.  <u>See</u> N.C.R.App.P. 4(a) (providing a 14-day period for filing of a notice of appeal); <u>and</u> <u>Hernandez v. Caldwell</u>, 225 F.3d 439 (4th Cir. 2000) (noting the 1-

year limitations period set forth by the AEDPA); and Harris v. Hutchinson, 209 F.3 325, 328 (4th Cir. 2000) (same).

Under the Antiterrorism and Effective Death Penalty Act of 1996, Petitioner had up to December 13, 2006, by which to file this Petition. See 28 U.S.C. §2244(d)(1) (noting that the 1-year limitations period begins on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."). Obviously, Petitioner did not file this Petition by that date. Therefore, absent tolling, the instant Petition would be untimely by approximately 16 months.

As to grounds for statutory tolling, the record reflects that after his re-sentencing in November 2005, Petitioner allowed more than 23 months to pass before he even began his pursuit of collateral review with the filing of his November 2007 Certiorari Petition. By the time that Petitioner filed his Certiorari Petition, his one-year limitations period already had fully expired. Consequently, because it is well settled that subsequently filed motions or petitions for collateral review in state court cannot somehow breathe new life into already expired federal limitations periods, Petitioner's delayed pursuit of State collateral review simply came too little too late. See Minter v. Beck, 230 F.3d 663 (4th Cir. 2000) (time period after case became final for purposes of direct appellate review but before initiation of State collateral review is not tolled from one-year limitations period). In short, the time during which Petitioner pursued

collateral review cannot be used to toll the one-year limitations period.

Furthermore, Petitioner was aware that his Petition likely would be construed as time-barred.[3] Indeed, question 18 on his form-Petition prompts petitioners whose judgments of conviction became final more than a year before the initiation of their <u>habeas</u> Petitions to "explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar [their] Petition[s]." In response to that question, Petitioner merely asserts that he "was sentenced (4-12-04) the M.A.R. filed March 3rd 2005 before one year deadline + tolling should make this writ timely." Clearly, however, Petitioner's reliance upon those dates is misplaced.

On the contrary, because Petitioner's first M.A.R. ultimately resulted in his being re-sentenced, his one-year limitations calculations must run from the date that his convictions and sentence became final after re-sentencing, not from the date on which his original convictions and sentence became final. <u>See</u>

---

[3] In January 2002, the Fourth Circuit Court of Appeals decided the case of <u>Hill v. Braxton</u>, 277 F.3d 701, 706 (4th Cir. 2002). There, the Court concluded that "when a federal <u>habeas</u> court, prior to trial, perceives a <u>pro-se</u> [petition or motion to vacate] to be untimely and the state has not filed a motion to dismiss based upon the one-year limitations period, the [district] court must warn the petitioner that the case is subject to dismissal . . . absent a sufficient explanation." Consistent with that requirement, in December 2004, the Administrative Office of the Courts modified the federal <u>habeas</u> forms to comply with <u>Hill</u>. The new forms now include a section which directs the petitioner to address the "timeliness of [his/her] motion." In particular, question 18 on the new form advises the petitioner that if his/her conviction became final more than one year before the time that the motion to vacate is being submitted, he/she "must explain why the one-year statute of limitations as contained in 28 U.S.C. §2244(d) [also set forth on the form] does not bar [such] motion." Accordingly, given the fact that the petitioner has addressed the timeliness of his Petition--albeit unsuccessfully--the Court concludes that he has been given every opportunity to which he is entitled in this regard, and no further warning is required for him.

generally United States v. Dodson, 291 F.3d 268 (4th Cir. 2002) (noting that limitations clock runs for one-year after finalization of newly imposed conviction and sentence, not from finalization of original conviction and sentence). Thus, using the proper dates, it is apparent that Petitioner's November 29, 2005 convictions and sentence became final on December 13, 2005; and that the instant Petition is untimely because Petitioner neither commenced his pursuit of collateral review in State court nor filed this federal Petition by December 13, 2006. Petitioner, therefore, has failed to show that his Petition can be rendered timely filed on the basis of statutory tolling.

Finally, as to equitable tolling, the Fourth Circuit Court of Appeals has stated that such tolling is only allowed in "those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitations period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2004) (en banc), cert. denied, 125 S.Ct. 209 (2004). See also United States v. Sosa, 364 F.3d 507, 511-13 (4th Cir. 2004). Here, Petitioner does not set forth any basis to support a finding that it would be unconscionable to enforce the limitations period, or that a gross injustice would result from such enforcement. Therefore, equitable tolling also is not available for him.

### III. CONCLUSION

Petitioner has failed to demonstrate that his habeas Petition

was timely filed in this Court.  Accordingly, such Petition must be <u>dismissed</u>.

## IV. <u>ORDER</u>

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Petition for a Writ of <u>Habeas Corpus</u> is **DISMISSED**.

**SO ORDERED.**

Signed: April 23, 2008

Graham C. Mullen
United States District Judge