```
IN THE UNITED STATES DISTRICT COURT
  FOR THE WESTERN DISTRICT OF NORTH CAROLINA
              ASHEVILLE DIVISION
               1:08CV166-MU-02
```

| | |
|---|---|
| **BENNY ARNOLD COOK,** ) | |
|     Petitioner, ) | |
| ) | |
|        v. ) | ORDER |
| ) | |
| **L.C. CORPENING, Supt., of the** ) | |
|   Foothills Correctional ) | |
|   Institution, ) | |
|     Respondent. ) | |
| _____) | |

**THIS MATTER** comes before the Court on Petitioner's "Motion To Set-A-Side The (23rd April, 2008 Judgement," filed May 5, 2008; and on his "Motion To Compel Officer Of The United States," filed July 1, 2008.

The record of Petitioner's case reflects that on April 18, 2008, he filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. After carefully considering that matter and the relevant law, on April 23, 2008, the Court entered an Order dismissing the Petition on the ground that it was time-barred. Now, by his current Motions, Petitioner is seeking the speedy consideration of his so-called "Rule 59 Motion"– that is, his Motion for re-consideration of this Court's dismissal of his Habeas Petition.

In particular, by his Motion to Set Aside, Petitioner argues

that the Court erred in dismissing his case as time-barred. Nevertheless, in support of that argument, Petitioner merely re-hashes his earlier assertions, i.e., that he was convicted and sentenced on April 12, 2004; that his first MAR was filed within one year, on March 3, 2005; and that such MAR renders the instant Petition, which was filed in April 2008, timely filed. However, the Court finds that Petitioner simply is mistaken as to which dates and documents are relevant here.

Indeed, as the Court noted in its Order of dismissal, Petitioner was re-sentenced on November 29, 2005, thus, it is that November 2005 date that is critical for his AEDPA calculations. Furthermore, inasmuch as Petitioner did not directly appeal that November 2005 Judgment, his conviction and sentence became final on December 13, 2005, that is, after the expiration of the 14-day statutory appeal period. More critically, Petitioner's one-year limitations period began running on December 14, 2005 and, because he did not commence his pursuit of any collateral proceedings attacking his November 2005 Judgment until November 2007, that one-year period expired on December 13, 2006.

As the Court explained in its Order, Petitioner's belated filing of his Certiorari Petition in November 2007 simply came too late to revive his expired limitations period. Therefore, because the instant Habeas Petition was not filed until April 2008, it clearly was time-barred. In sum, Petitioner's Motion to Set Aside

2

does not set forth any information which would alter the Court's earlier findings; therefore, that Motion must be denied.

Finally, by his Motion to Compel, Petitioner asks the Court quickly to adjudicate his Motion to Set Aside. However, the instant Order addresses Petitioner's Motion to Set Aside. Accordingly, Petitioner's Motion to Compel will be dismissed as moot.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Petitioner's Motion to Set Aside is **DENIED;** and
2. Petitioner's Motion to Compel is **DISMISSED as moot.**

**SO ORDERED.**

Signed: July 21, 2008

Graham C. Mullen
United States District Judge